LEE LITIGATION GROUP, PLLC
Asher Klein (NJ001612009)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS SAGASTUME, *on behalf of himself and the Class*, | |
| Plaintiff, | Case No.: |
| v. | **CLASS ACTION COMPLAINT** |
| GENRENEW, LLC, | |
| Defendant. | |

Plaintiff LUIS SAGASTUME ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class Action Complaint against Defendant, GENRENEW, LLC ("Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to New Jersey Sales Representatives' Rights Act, N.J.S.A. 2A:61A-l *et seq.*, and the Illinois Sales Representative Act, 820 ILCS 120 *et seq.*, that Plaintiff, and others similarly situated, are entitled to recover from Defendant: (i) unpaid commissions, (ii) statutory damages such as liquidated damages and exemplary damages, (iii) attorneys' fees and costs.

2. Plaintiff further alleges, that he and others similarly situated, are entitled to recover damages from Defendant due to Defendant's: (i) breach of contract, (ii) breach of implied good

faith and fair dealing, (iii) promissory estoppel, (iv) negligent misrepresentation, and (v) unjust enrichment.

3. Defendant GENRENEW, LLC is in the business of assisting clients with solar energy systems, and Plaintiff worked on commission, selling Defendant's solar panels to homeowners across New Jersey. Plaintiff and fellow co-workers were all victims of a common scheme of Defendant to elicit new customers and sales, without paying salespersons, such as Plaintiff their earned commissions. Defendant paid salespersons on a standardized structured commission basis. Plaintiff and other salesperson's commissions were paid on the basis of dollars per kilowatt system sold. Plaintiff and other salespersons were typically compensated at $225 per kilowatt system sold with the most common kilowatt system sold for residential use being a six (6) kilowatt system. Plaintiff and other salespersons would earn (i) 25% of their total commission after a sale of Defendant's product, (ii) 25% after permit approval, and (iii) 50% after Defendant's solar panels were installed. To avoid paying full commissions, Defendant would terminate salespersons' contracts after they had accrued a substantial number of pending approvals and/or pending installations.

4. Plaintiff brings this action on behalf of himself and all persons, who during the applicable limitations period up to and including the present, were similarly underpaid by Defendant in violation of protections afforded under New Jersey Law, Illinois Law, parties' contracts, and/or laws of equity.

## JURISDICTION AND VENUE

5. Defendant is subject to personal jurisdiction in this judicial district.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action as defined by 28 U.S.C § 1332(d)(1)(B), whereby: (i) the proposed class

consists of over 100 class members, (ii) a member of the putative class is a citizen of a different state than Defendant, and (iii) the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391.

8. This Court is empowered to issue a declaratory judgement pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff, LUIS SAGASTUME, is a resident of Mercer County, New Jersey.

10. Defendant GENRENEW, LLC is a business corporation operating in Illinois, New York, and New Jersey and organized under the laws of New Jersey. Its principal executive office is located at 195 Throckmorton St, Freehold, NJ 07728.

11. At all relevant times, the Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the New Jersey and Illinois Laws, and the regulations passed thereunder.

12. At all relevant times, the work performed by Plaintiff and Class Members was directly essential to the business operated by Defendant.

## RULE 23 CLASS ALLEGATIONS

13. Plaintiff LUIS SAGASTUME bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all sales representatives who earned commissions from Defendant in the ten (10) years, or the relevant statutory period pursuant to New Jersey and Illinois' applicable laws of labor, contract and equity, prior to the filing of the Complaint in this case (the "Class Period").

14.     To the extent necessary, Plaintiff will designate subclasses for each of the States where Defendant has sales representatives.

15.     All said persons, including Plaintiff, are referred to herein as the "Class" or "Class Members." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The commission agreements, commission earnings accrued, the position held, and the rates of pay for each Class Member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class. The members of potential subclass of sales representatives total over forty (40) in each of the States where Defendant has sales representatives, including the States of Illinois and New Jersey.

17.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant, as alleged herein, specifically Defendant's policy of allowing salespersons to accrue a significant number of sales, which were of pending permit approval or installation before terminating the Class Members contracts without fully compensating pending and/or unvested commission payments.  Defendant's corporate-wide policies and practices affected all

Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and labor litigation and have previously represented plaintiffs in wage cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their

interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendant, employers, and other principals throughout the United States violate state labor laws. Current employees and/or sales representatives are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees and/or sales representatives are fearful of bringing claims because doing so can harm their prospects. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

 (a) Whether Defendant is a principal for Plaintiff and Class Members within the meaning of each state's laws;

 (b) At what common rate, or rates subject to common methods of calculation, was and are Defendant required to pay Plaintiffs and Class Members for their work;

 (c) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the payment of commissions;

 (d) At what common commission structure, or structures, was and are Defendant required to pay Plaintiff and Class Members for their work;

 (e) Whether Plaintiff and Class Members were independent contractors;

 (f) Were Plaintiff and Class Members properly compensated for all earned commissions;

(g) Whether Defendant properly notified Plaintiff and Class Members of their policy regarding commission payments; and

(h) Whether Defendant acted in bad-faith in the execution of their contractual obligations to Plaintiff and Class members.

## STATEMENT OF FACTS

22. Defendant offers solar panels and solar panel installation in New York, New Jersey, and Illinois for use on residential and commercial buildings.

23. Defendant has offices and salespersons located in both Illinois and New Jersey. Salespersons are all responsible for selling Defendant's primary product and service of solar panels and installation ("Sales Representatives"). All Sales Representatives in both Illinois and New Jersey operate under the supervision of the same individual, Tom Gallagher, who oversees the sales department and Sales Representatives for both offices.

24. In order to sell Defendant's solar panels, Sales Representatives must enter into an agreement with Defendant (an "Agreement").

25. On or about April 19, 2021, Plaintiff LUIS SAGASTUME entered into an Agreement with Defendant to become a Sales Representative. *See* **Exhibit A**, Plaintiff's Agreement.

26. At all times, Plaintiff and Sales Representatives were compensated entirely by commission at rates set by Defendant. Sales Representatives' commissions were determined by a fixed dollar amount per kilowatt system the Sales Representative sold. Plaintiff and Sales Representatives were typically compensated at $225 per kilowatt system sold with the most common kilowatt system sold for residential use being a six (6) kilowatt system. For example, if a Sales Representative sold a 6 kilowatts system to a homeowner, the total commission for that

sale would typically be $1,350 minus a potential deduction of $150 for Defendant to conduct their own onsite evaluation.

27. Defendant compensated Sales Representatives for their earned commission pursuant to the schedule set out in in Defendant's standardized Agreement. The Agreement states that Sales Representatives' commissions are to be distributed in a delayed and tiered format. Per the Agreement, Plaintiff and Sales Representatives are to be compensated (i) 25% of their commission at the point of sale, (ii) 25% of their commission after permit approval for installation, and (iii) 50% of their commission after installation.

28. Defendant backloaded the percentage of payout on earned on Sales Representatives' commissions, using the above-described delayed payment structure. Once a Sales Representative accumulated a significant number of pending installations and/or approvals, Defendant would unilaterally terminate all agreements with the Sales Representatives. Upon terminating all agreements, Defendant would refuse to compensate Sales Representatives any of their pending commissions, even once the event triggering payment, such as permit approval or installation had occurred. In this manner, Defendant accumulated sales, while paying out only a fraction of the commission owed to Sales Representatives.

29. Plaintiff continued working for Defendant under his Agreement until approximately December 23, 2021, when Defendant unilaterally terminated his contract. At the point of his termination, Plaintiff had accumulated $10,000 of pending commission payments, which Defendant informed Plaintiff they would under no circumstances be paying.

30. Defendant's reprehensible conduct is made clearer as the following day on December 24, 2021, Christmas Eve, Defendant terminated Agreements with the remainder of Defendant's Sales Representatives.

31.     Most homeowners only think about installing solar during the summer months. With a corresponding surge in the demand for solar panels occurring during that time of the year, June to November. Winter is the slow season regarding sales for this industry. Taking advantage of this industry-wide ebb and flow, Defendant used its Sales Representatives to accrue sales during the peak seasons of Summer into Fall, with the intention of firing all Sales Representatives and, only then, acquiring permit approval and engaging in installation. In this manner, Defendant unlawfully deprived Sales Representatives of their earned commissions.

32.     Egregiously, Defendant intends to seek out further Sales Representatives in March of 2022 and repeat this disgraceful conduct.

33.     Moreover, to effectuate this improper, bad-faithed scheme, Defendant included in their Agreements with Sales Representatives a clause prohibited by the laws of Illinois and New Jersey. Defendant included in the Agreement a provision stating that Sales Representatives rights to commissions would be eliminated once the agreement was terminated.

34.     The laws of both Illinois and New Jersey afford protections to independent sales representatives regarding the payment of commissions. New Jersey and Illinois law both explicitly require that independent sales representatives receive commissions on goods ordered up to and including the last day of their contract even if such orders were accepted by the principal, or delivered by the principal, or paid for by the customer after the end of the salesperson's contract. *See* N.J.S.A. 2A:61A-2; 820 ILCS 120; *see also, Neal v. Eastern Controls, Inc.*, No. A-4304-06T1, 2008 N.J. Super Unpub. LEXIS 2668, 2008 WL 706853 (N.J. Super. Ct. App. Div. Mar. 18, 2008). Despite Defendant's bad-faith attempt to exploit independent salespersons by having such workers contract away their rights to commissions, both New Jersey law and Illinois law prohibit any contractual clauses waiving such rights. "A provision in any contract between a sales

representative and a principal purporting to waive any provision of this act, whether by express waiver or by a provision stipulating that the contract is subject to the laws of another state, shall be void." *See* N.J.S.A. 2A:61A-2; *see also* 820 ILCS 120 (similar language found in Illinois statute).

35. Plaintiff and Class members are independent contractors because:

(a) The Agreements between Defendant and Sales Representatives set out Sales Representatives status as independent salespersons. *See* **Exhibit A**, Plaintiff's Agreement.

(b) Plaintiff's, and other similarly situated salespersons' Agreements state that their work for Defendant will be conducted as independent contractors.

(c) Plaintiffs and Sales Representatives receive none of the benefits guaranteed to employees under Fair Labor Standards Act, or the state laws of New Jersey and Illinois

(d) Plaintiff and Sales Representatives are compensated via 1099 tax forms.

(e) Plaintiff and Sales Representatives receive no health benefits from Defendant, despite Defendant operating a business of 50 or more full-time workers.

(f) Plaintiff and Sales Representatives receive no unemployment benefits or protections.

(g) The majority of the work conducted by Plaintiff and Sales Representatives occurs at prospective customer's homes as Plaintiff and Sales Representatives must inspect the homes to determine the placement of potential solar panels, suggest proper kilowatt systems, and negotiate price for the units.

(h) Defendant did not supervise Sales Representatives, and only required attendance at a monthly sales meeting held by Defendant's Sales Director, Tom Gallagher.

(i) Beyond operating in New Jersey or Illinois, sets no geographical restrictions for its Sales Representatives.

(j) Defendant creates no quotas for its Sales Representatives.

(k) Defendant required no non-compete from Sales Representatives. Plaintiff and Sales Representatives could, and did, work sales jobs for other principals and businesses in the same industry, while being bounded to the Agreement with Defendant.

      (l) Plaintiff and Sales Representatives set their own hours, provided their own tools and supplies, and chose how they would perform their services.

36. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## **STATEMENT OF CLAIM**

## **COUNT I**

## **VIOLATION OF THE NEW JERSEY LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

37. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

38. Defendant is a principal within the meaning of the New Jersey Sales Representative Rights Act Law, N.J.S.A. 2A:61A-l.

39. Plaintiff and Class members are Defendant's sales representatives within the meaning of N.J.S.A. 2A:61A-l.

40. Defendant withheld and diverted portions of the commissions of Plaintiff and Class members as set forth above in violation of New Jersey Sales Representative Rights Act, N.J.S.A. 2A:61A-1, et seq.

41. Defendant's conduct was intentional deliberate, willful, and conducted in callous disregard for the protected rights of Plaintiff and members of the Class.

42. As a direct and proximate result of Defendant's illegal conduct, Plaintiff and Class members are entitled to all equitable and legal remedies available the law including, but not limited to, recovery of the full amount of wrongfully withheld or diverted wages, statutory damages such as exemplary and liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT II

## <u>VIOLATION OF THE ILLINOIS LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS</u>

43. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

44. Defendant is a principal within the meaning of the Illinois Sales Representative Act, Title 820 ILCS §§120/1(3).

45. Plaintiff and Class members are Defendant's sales representatives within the meaning of 820 ILCS 120/1(4)

46. Defendant withheld and diverted portions of the wages of Plaintiff and Class members as set forth above in violation of Illinois Sales Representative Act, 820 ILCS 120 *et seq*.

47. Defendant's conduct was intentional deliberate, willful, and conducted in callous disregard for the protected rights of Plaintiff and members of the Class.

48. As a direct and proximate result of Defendant's illegal conduct, Plaintiff and Class members are entitled to all equitable and legal remedies available the law including, but not limited to, recovery of the full amount of wrongfully withheld or diverted wages, statutory damages such as exemplary and liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT III

## <u>CLASS ALLEGATIONS – BREACH OF CONTRACT</u>

49. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

50. Plaintiff brings this class action on behalf of, inter alia, all persons who were or are commissioned sales representatives working for the principal, Defendant. Such sales representatives were subject to written agreements, which laid out commission rates and milestone structure for payment.

51. Plaintiff and Class members fully performed their obligations under the Agreements.

52. Despite the Plaintiff and Class members fully performing their obligations under the Agreements, Defendant breached their agreements by terminating the contracts of sales representatives and refusing to compensate commissions on sales of products and services as they accrued.

53. As a direct and proximate result of Defendant's illegal conduct, Plaintiff and Class members are entitled to all equitable and legal remedies available the law including, but not limited to, recovery of the full amount of wrongfully withheld or diverted payments, punitive damages due to egregious conduct, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### COUNT IV

### CLASS ALLEGATIONS - BREACH OF GOOD FAITH AND FAIR DEALING

54. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

55. Plaintiff on behalf of herself and Class members alleges that at all times material hereto, Plaintiff and the Class members performed fully their contractual obligations, namely sell Defendant's products and services in accordance with their Agreements.

56. Defendant unfairly interfered with Plaintiff and the Class Members' rights under the contract by (i) waiting until Class members accumulated significant pending sales, (ii) unilaterally terminating Class members prior to the full payment under those sales came due and owing, (ii) refusing to compensate Class members their commissions and wages once such payments became due under the agreement.

57. As a direct and proximate result of Defendant's failure to act fairly and in good faith, Plaintiff and the Class Members have sustained damages and are entitled to recovery of the full amount of wrongfully withheld or diverted payments, punitive damages due to egregious conduct, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT V

## CLASS ALLEGATIONS - PROMISSORY FRAUD

58. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

59. In order to induce Plaintiff and the Class members to sign sales Agreements with Defendant, Defendant affirmatively promised Plaintiff and the Class members commissions pursuant to a set pay schedule.

60. Defendant's representations as set forth above were false and fraudulent, the Defendant knew that the representations were false and fraudulent at the time they were made, and Defendant did not intend to honor these representations.

61. Plaintiff and the Class members were not aware of the falsity of Defendant's representations, and reasonably and actually relied on them in accepting terms of sales Agreement with the Defendant.

62. As a direct and proximate result of Defendant's false and fraudulent misrepresentations, Plaintiff and the Class members have sustained damages in an amount according to proof at trial.

63. Plaintiff and the Class members are informed and believe, and on that basis allege, that Defendant's false and fraudulent misrepresentations were done with fraud and malice and in conscious disregard of Plaintiff and the Class members rights.

64. As a direct and proximate result of Defendant's promissory fraud, Plaintiff and the Class Members have sustained damages and are entitled to recovery of the full amount of wrongfully withheld or diverted payments, punitive damages due to egregious conduct, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT VI

### CLASS ALLEGATIONS - NEGLIGENT MISREPRESENTATION

65. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

66. In order to induce Plaintiff and the Class members to contract with Defendant, Defendant affirmatively promised Plaintiff and the Class members: commission payments pursuant to a structured schedule.

67. Defendant's representations as set forth above were false, were false at the time the agreements were made, and Defendant made these misrepresentations without reasonable ground for believing them to be true when made.

68. Plaintiff and the Class members were not aware of the falsity of Defendant's representations, and reasonably and actually relied on them in accepting contract with the Defendant.

69. As a direct and proximate result of Defendant's false misrepresentations, Plaintiff and the Class Members have sustained damages and are entitled to recovery of the full amount of wrongfully withheld or diverted payments, punitive damages due to egregious conduct, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT VII

## CLASS ALLEGATIONS - UNJUST ENRICHMENT

70. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

71. By virtue of Defendant's conduct as alleged herein, and Plaintiff's and the Class members' performance of their obligations as commissioned salespersons, Defendant was unjustly enriched by the Plaintiff and the Class members' conduct and did not compensate Plaintiff or the Class members fully.

72. The circumstances are such that it would be inequitable to allow Defendant to retain the excess benefit from Plaintiff and Class members conduct without paying fair value for it.

73. As a direct and proximate result of Defendant's wrongful withholding of funds collected that should have been paid to Plaintiff and the Class members, Plaintiff and the Class members have sustained damages in an amount according to proof at trial.

74. Defendant's withholding of proper compensation from sales representatives was done with malice and in conscious disregard of Plaintiff and the Class members rights, with the

intent to cause injury to Plaintiff and the Class members. Plaintiff and the Class members are therefore entitled to an award of punitive damages against Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of themselves and Class Members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the applicable state laws;

b.  An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

d.  An award of unpaid wages due under the applicable state laws;

e.  An award of exemplary and/or liquidated and/or punitive damages as a result of Defendant's willful failure to pay wages, pursuant to the applicable state laws;

f.  An award for compensatory and punitive damages due to Defendant's breach of contract;

g.  An award for compensatory and punitive damages due to Defendant's promissory fraud and negligent misrepresentations;

h.  An award for disgorgement and punitive damages due to Defendant's unjust enrichment;

      i. An award for compensatory and punitive damages due to beach of the covenants of good faith and fair dealing;

      j. Designation of this action as a class action pursuant to F.R.C.P. 23;

      k. Designation of Plaintiff as representative of the Class and any respective subclasses; and

      l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: February 11, 2022                Respectfully submitted,

                                      By:    *s/ Asher Klein*
                                                Asher Klein, Esq.
                                                LEE LITIGATION GROUP, PLLC
                                                Asher Klein (NJ001612009)
                                                148 West 24th Street, Eighth Floor
                                                New York, NY 10011
                                                Tel.: 212-465-1188
                                                Fax: 212-465-1181

                                                *Attorneys for Plaintiff and the Class*